UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY LOU SUMNER,

       Plaintiff,                            Case No. 1:12-CV-27

v.                                             HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Cindy Lou Sumner, has filed an Objection (docket #15) to Magistrate Judge Joseph G. Scoville's Report and Recommendation issued March 6, 2014 (docket #14). The Report and Recommendation recommends that this Court affirm the decision of the Commissioner denying Sumner's claim for disability insurance benefits. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Sumner's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

## I. Sumner's Objections

Sumner raises two objections to the magistrate judge's recommendation. First, Sumner contests the magistrate judge's "finding" that *Rogers v. Commissioner*, 486 F.3d 234 (6th Cir. 2007) does not support remanding this case to the Commissioner. (Objection, docket #15, Page ID 514.) Second, she objects to the magistrate judge's recommendation that the administrative law judge's ("ALJ") credibility determination was proper. (*Id.* at 515.) Ultimately, these two objections are one in the same—Sumner argues that the facts of *Rogers* are so similar to this case that "if one were to switch the names of the plaintiffs[,] the two cases would be virtually indistinguishable." (Report and Recommendation, docket #14, Page ID 495 (quoting Pl.'s Br., docket #9, Page ID 457).) This is the same argument the magistrate judge declined to accept.

## II. Discussion

This Court reviews the record for whether the Commissioner employed the proper legal standards in making her decision and whether her findings were supported by substantial evidence. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). To determine the substantiality of the evidence, the Court considers the record as a whole and takes into account whatever evidence in the record fairly detracts from its weight. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963–64 (6th Cir. 1984). "The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The crux of Sumner's first objection is that the ALJ failed to give the opinion of Dr. Bruce

Galonsky, Sumner's family doctor, adequate weight. An ALJ must "give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation marks omitted). However, an ALJ may reject the opinion of a treating physician where the opinion is not supported by the medical record, *Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992), merely states a conclusion, *Miller v. Sec'y of Health and Human Servs.*, no. 91-1325, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991), or is contradicted by substantial medical evidence, *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). An ALJ is required to "give good reasons for not giving weight to a treating physician." *Wilson*, 378 F.3d at 544 (internal quotation marks omitted). Factors that an ALJ must consider in evaluating the weight to assign the opinion of a treating physician include (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927; *see also Wilson*, 378 F.3d at 544 (listing factors). Once an ALJ determines that a claimant has shown that his physical or mental impairment could reasonably be expected to produce his symptoms, an ALJ must evaluate the "the intensity, persistence, and functionality limiting effects of the symptoms," which requires the ALJ to consider the credibility of the individual statements in light of the record. SSR 96-7p, 1996 WL 374186 (July 2, 1996).

In this case, the ALJ assigned Dr. Galonsky's opinion minimal weight because it was "not only inconsistent with his own office visit notes but [was] inconsistent with the findings of claimant's rheumatologist and neurologist." (Administrative Record, docket #4, Page ID 42.)

3

Rather, the ALJ found the opinions of Sumner's treating rheumatologist, Dr. Roschmann, and neurologist and psychiatrist, Dr. Dunne, more persuasive than Dr. Galonsky, a generalist. (*Id.*) As the magistrate judge observed, it is entirely appropriate for the ALJ to give greater weight to the opinions of treating physicians with specialized expertise. (Report and Recommendation, docket #14, Page ID 508.) Sumner does not object to this point. As recommended, the Court finds that the ALJ did not violate the treating physician rule and gave "good reasons" for why he gave Dr. Galonsky minimal weight.

Second, Sumner objects to the ALJ's credibility determination, arguing that the claimant in *Rogers*, 486 F.3d 234, engaged in similar daily activities yet the Commissioner granted Rogers disability benefits. (Objection, docket #15, Page ID 515.) Sumner raised this issue before the magistrate judge as well. Credibility determinations are within the province of the ALJ. *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). This Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's credibility determination is reviewed under a "highly deferential" "substantial evidence" standard of review. *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] does not, of observing a witness's demeanor while testifying." *Jones v. Commissioner*, 336 F.3d 469, 476 (6th Cir. 2003).

The magistrate judge concluded that the ALJ gave "more than adequate explanation" why she found that plaintiff's daily activities undermined her claims of disabling functional limitations. (Docket #14, Page ID 510.) Examples of Sumner's day-to-day activities include working on a computer, driving, preparing meals, regularly performing household chores, caring for her pets, managing and paying bills, and interacting with the general public at restaurants. (*See id.*; AR,

4

docket #4, Page ID 41–42.) The ALJ found that

> [t]hese activities are not indicative of disabling pain . . . . While the claimant complains of severe pain, it does not seem reasonable to conclude from the minimal findings in evidence that such could be the basis for the degree of pain alleged. She does not appear to be experiencing progressive physical deterioration which might be expected when there is intense and continuous pain. Likewise, the claimant's routine does not appear restricted by her alleged disability, rather by choice.
>
> * * *
>
> It appears that the pain is not of such frequency, intensity, or duration as to be disabling.

(AR, docket #4, Page ID 42.)

Sumner does not object to the magistrate judge's conclusion that it is appropriate for the ALJ to take her daily activities into account in making a credibility determination. Rather, Sumner objects that because the claimant in *Rogers*, 486 F.3d 234, engaged in similar daily activities and received disability benefits, she is also entitled. On this Court's limited review of the ALJ's determination for substantial evidence, Sumner's argument is unavailing. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a difference conclusion . . . . This is so because there is a zone of choice within which the Commissioner can act without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772–73 (6th Cir. 2001) (internal quotation marks and citations omitted). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones*, 336 F.3d at 477. That an ALJ in another case reach a different benefits determination does not undermine that the ALJ's

determination in this case is supported by substantial evidence.

## III. Conclusion

For the reasons stated, the Court will adopt the Report and Recommendation and affirm the Commissioner's decision.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation of the magistrate judge (docket #14) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**. A separate judgment will issue.


Dated: March 31, 2014                                     /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                  UNITED STATES DISTRICT JUDGE